# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER W. WEBB, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 13-065-JHP-KEW |
| ) | |
| JOE ALLBAUGH, Director, ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner's petition for a writ of habeas corpus was denied, and judgment was entered on April 15, 2016 (Dkts. 18, 19). On May 23, 2016, he filed a "second" notice of intent to appeal, claiming he sent his original notice of intent to appeal on April 25, 2016 (Dkt. 20). This Court, however, has no record of receiving the "original" notice.

On June 8, 2016, Petitioner filed a motion for extension of time to file a notice of appeal or to reopen the time to appeal, alleging the Tenth Circuit Court of Appeals had found his notice of intent to appeal was seven days late (Dkt. 24). This Court directed Petitioner to provide this Court with a copy of his facility's outgoing mail log to show the mailing date of his original notice of intent to appeal (Dkt. 25).

Plaintiff has filed a response to Order, alleging he delivered his original notice of intent to appeal to the facility law library on April 25, 2016, one week after receiving the Court's Opinion and Order dismissing his habeas petition (Dkt. 24 at 1, Dkt. 26 at 1). He asserts, however, that the law library does not keep a login date for outgoing mail. Instead, outgoing mail is placed in a box marked "legal mail." The mailroom allegedly picks up the

outgoing mail from the box and logs the mail as received on the day it is picked up. Petitioner has attached a copy of the mail log showing he sent mail to this Court and to the Tenth Circuit Court of Appeals on May 20, 2016, after the deadline for filing a notice of intent to appeal had passed (Dkt. 26 at 3). The May 20, 2016, mailing to this Court was Petitioner's alleged "second" notice of intent to appeal (Dkt. 20).

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if *all* the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

Here, the Court finds Petitioner has failed to meet these requirements. He does not dispute that he received the Court's April 15, 2016, dismissal of the petition within 21 days of its entry. *See* Fed. R. App. P. 4(a)(6)(A). In addition, his motion for extension of time to file a notice of appeal or to reopen the time to appeal was not filed within 14 days after he received notice of the entry of judgment. *See* Fed. R. App. P. 4(a)(6)(B). Because Petitioner has not met the first two requirements of the statute, there is no need to discuss whether either party would be prejudiced. *See* Fed. R. App. P. 4(a)(6)(C).

**ACCORDINGLY,** Petitioner's motion for extension of time to file a notice of appeal or to reopen the time to appeal (Dkt. 24) is DENIED.

**IT IS SO ORDERED** this 4th day of August 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma