# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

CHRISTOPHER W. WEBB, )
)
                Petitioner, )
)
v. )        **No. CIV 13-065-JHP-KEW**
)
JOE ALLBAUGH, Director, )
Department of Corrections, )
)
                Respondent. )

## OPINION AND ORDER

Petitioner's petition for a writ of habeas corpus was denied on April 15, 2016 (Dkt. 18), and the Tenth Circuit Court of Appeals dismissed his untimely notice of appeal on September 7, 2016 (Dkt. 29). He subsequently filed a motion pursuant to Fed. R. Civ. P. 60(b), complaining of "the defects/shortcomings in the integrity of the Federal Habeas Proceedings that have further prevented/precluded (a) (Final determination on the merits of petitioner's claims) which have led to multiple erroneous procedural rulings." (Dkt. 30 at 1). Petitioner is arguing that this Court has failed to properly consider his claim of the sufficiency of the evidence to convict him of Conspiracy to Commit a Felony. *Id.*

Fed. R. Civ. P. Rule 60(b) allows relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). Furthermore, "[i]n a Rule 60(b) proceeding the motion is addressed to the sound discretion of the [district] court." *Caribou Four Corners v. Truck Ins. Exchange*, 443 F.2d 796, 799 (10th Cir. 1971) (citations omitted).

Petitioner alleges this Court failed to address whether all the elements necessary to constitute the crime of Conspiracy to Pass Two or More Bogus Checks were proven beyond a reasonable doubt. In particular, he argues the sixth and seventh elements of the underlying crime of Passing Two or More Bogus Checks in Excess of $500 were not considered. (Dkt. 30 at 2).[1]

---

[1] The elements of the underlying crime of Passing Two or More Bogus Checks in Excess of $500 are: First, obtained title; Second, to money, property, or other valuable thing; Third, of another; Fourth, by means of two or more false checks written for a total amount of more than $500; Fifth, in pursuance of a common scheme; Sixth, known by the defendant to be false; Seventh; with intent to cheat and defraud. (O.R. 301; Instruction No. 2-19, OUJI-CR(2d)).

The record shows Petitioner raised a claim of insufficient evidence in his habeas petition. His argument was that the accomplice testimony was insufficient and uncorroborated, and that even if the evidence had been corroborated, it was insufficient to establish a conspiracy to commit a felony. (Dkt. 1 at 8-9). The petition, however, failed to expressly challenge the sufficiency of the evidence with respect to the underlying crime of Passing Two or More Bogus Checks in Excess of $500. Instead, he raised this issue in his "Motion to Add the Supplemental Information Re: Ground 2 Insufficient Evidence," alleging he lacked the requisite knowledge that there were insufficient funds when the bogus checks were written. (Dkt. 1 at 35-36). The Court did not address this specific claim concerning the elements of Petitioner's underlying crime.

A review of the record shows that Petitioner failed to raise this particular issue on direct appeal. (Dkt. 14-2 at 16-19). Instead, as in his habeas corpus petition, he presented the following claim:

> THE EVIDENCE WAS INSUFFICIENT TO CONVICT MR. WEBB, AS THE ACCOMPLICE TESTIMONY WAS NOT CORROBORATED, AND THE EVIDENCE, EVEN IF TAKEN AS TRUE AND SUFFICIENTLY CORROBORATED DID NOT ESTABLISH A CONSPIRACY TO COMMIT A FELONY.

*Id.* at 16. This proposition raised no claim concerning the elements of the underlying crime. *Id.* at 16-19.

The Oklahoma Court of Criminal Appeals denied the ineffective assistance of counsel claim as follows:

> . . . Taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that Appellant conspired with Shannon Billey and Salomon Pedraza to commit the felony of passing two or more false or bogus checks in a total sum of $500.00 or more beyond a reasonable doubt. *Eastlick v. State*, 90 P.3d 556, 559 (Okla. Crim. App. 2004); *Spuehler v. State*, 709 P.2d 202, 203-04 (Okla. Crim App. 1985).

*Webb*, No. F-2011-905, slip op. at 4 (Okla. Crim. App. Jan 29, 2013) (Dkt. 14-5 at 4).

In analyzing the petition, this Court thoroughly reviewed the record with respect to the claim of sufficiency of the evidence and determined the OCCA's decision was not contrary to, or an unreasonable application of, clearly establish federal law, as determined by the United States Supreme Court. (Dkt. 18 at 10-16). To the extent Petitioner is attempting to raise a distinct claim concerning the elements of the underlying crime of Passing Two or More Bogus Checks in Excess of $500, the Court finds that specific claim is unexhausted and subject to the anticipatory procedural bar.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *Thacker v. Workman*, 678 F.3d 820, 838-39 (10th Cir. 2012) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). To satisfy the exhaustion requirement, "state prisoners [must] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 839 (quoting *O'Sullivan*, 526 U.S. at 845).

Here, the Court finds Petitioner did not exhaust his claim regarding the elements of the underlying crime. *See Thacker*, 678 F.3d at 839; *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (discussing fair-presentation requirement of exhaustion doctrine and noting

the petitioner "cannot assert entirely different arguments from those raised before the state court"). The Court also finds this unexhausted portion of Petitioner's sufficiency-of-the-evidence claim would be procedurally barred if Petitioner were to return to state court to exhaust it. The OCCA routinely bars consideration of issues which were not, but could have been, raised on direct appeal. *See, e.g.*, *Boyd v. State*, 915 P.2d 922, 924 (Okla. Crim. App. 1996) (noting in application for post-conviction relief, the OCCA "will neither consider an issue raised on direct appeal and therefore barred by *res judicata*, nor will it consider an issue which has been waived because it could have been raised on direct appeal but was not"). Thus, unless Petitioner can make the requisite showings to overcome application of an anticipatory procedural bar, the Court will not consider the unexhausted portions of Petitioner's claim of insufficient evidence.

Federal habeas petitioners may not obtain review of claims raised in a habeas petition "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)). The Tenth Circuit has upheld Okla. Stat. tit. 22, § 1086, of the Post-Conviction Procedure Act as an independent and adequate state ground for denying habeas relief. *Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008). Petitioner, however, has presented no evidence of cause and prejudice or a fundamental miscarriage of justice to overcome the bar. This failure precludes federal habeas review. *Hawkins v. Mullin*, 291 F.3d 658, 671 n.5 (10th Cir. 2002); *Paxton v. Ward*,

199 F.3d 1197, 1206 (10th Cir. 1999).  The fundamental miscarriage of justice exception is narrow and applies only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991).  The Tenth Circuit has explained this exception as follows:

> To come within this "very narrow exception," the petitioner must supplement his habeas claim with a colorable showing of factual innocence.  Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims.  In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (citations omitted).

Evidence that "is corroborating evidence, impeaching evidence, or evidence merely raising some suspicion or doubt of [a petitioner's] guilt" is not "persuasive evidence of 'actual innocence.'" *Stafford v. Saffle*, 34 F.3d 1557, 1561 (10th Cir. 1994), *cert. denied*, 514 U.S. 1099 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

After careful review, the Court finds Petitioner has not demonstrated that a miscarriage of justice would result if he is prevented by the procedural bar from proceeding on the merits of his claim.  Therefore, Petitioner's claim concerning the sufficiency of the evidence with respect to the underlying crime is procedurally barred.

**ACCORDINGLY,** Petitioner's motion for relief pursuant to Fed. R. Civ. P 60(b) (Dkt. 30) is DENIED.

**IT IS SO ORDERED** this 12th day of April 2018.

James H. Payne
United States District Judge
Eastern District of Oklahoma